GLADNEY, Judge
(dissenting).
The record clearly shows that the defendant, hereinafter referring to Natural *374 Gas Industries, Inc., was in desperate need of a crankshaft.
The Civil Code provides that error as to the person will not invalidate the contract unless the principal cause or motive for making the contract involved some special quality or skill, which the person with whom the contract was made was supposed to possess. LSA-Civil Code Articles, 1825, 1834, 1836 and 1837.
The defense urged is that the contract is invalid by reason of error as to the person. That is, defendant thought it was dealing with the National Welding and Grinding Company, and not with plaintiff. With respect to error as to the person, the LSA-Civil Code has a particular rule:
“Error as to the person, with whom the contract is made, will invalidate it, if the consideration of the person is the principal or only cause of the contract, as it always is in the contract of marriage.” LSA-C.C. Art. 1834.
“In onerous contracts, such as sale, exchange, loan for interest, letting and hiring, the consideration of the person is by law generally presumed to be an incidental cause, not a motive for a contract.” LSA-C.C. Art. 1836.
An exception to the preceding rule is set out in LSA-Civil Code Article 1837, which provides that if in an onerous contract particular skill or quality is required for its execution, which the party with whom the contract is made is supposed to possess, then the consideration of the person is presumed to be the principal cause, and error as to the person invalidates the contract. LSA-C.C. Art. 1837.
The Louisiana Supreme Court, in an early case said:
“It is not every error, that will invalidate a contract; it must be made in some point, which was a principal cause for making it, either as to the motive for making it, the person with whom it is made, or the subject matter of the contract itself. The principal cause is the motive or consideration, without which the contract would not have been made, the real existence of which is a condition precedent, without which the consent would not have been given. These are the principles established by the Code on this subject, and by which this contract must be tested.” Mayor of New Orleans v. Blache, 6 La. 500, 511 (1833).
The record contains admissions of the defendant that an employee had knowledge of the bill of lading and invoice which accompanied the crankshaft upon its delivery, and that as of the time of the trial the crankshaft was in use by the defendant.
“He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.” LSA-C.C. Art. 2301.
“If the thing unduly received is an immovable property or a corporeal movable, he who has received it, is bound to restore it in kind, if it remain, or its value, if it be destroyed or injured by his fault; he is even answerable for its loss by fortuitous event, if he has received it in bad faith.” LSA-C.C. Art. 2312.
The retention by defendant of the crankshaft without payment therefor constitutes unjust enrichment.
I respectfully dissent.
Rehearing denied; GLADNEY, J., dissents.